UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENN M. HAFFEMAN, and BEVERLY A. HAFFEMAN,<br><br>           Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>           Defendants. | Case No. 12cv00046 BTM (WVG)<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

Pending before the Court are Defendant Wells Fargo's motion to dismiss the original complaint (Doc. 3) and Plaintiffs' motion for leave to file a First Amended Complaint ("FAC") (Doc. 7). For the reasons set forth herein, the Court GRANTS Defendants' motion to dismiss the original complaint and GRANTS IN PART and DENIES IN PART Plaintiffs' motion for leave to file an FAC.

**I.  PROCEDURAL BACKGROUND**[1]

Plaintiffs' original complaint in this action contained two causes of action:  Violation of California Civil Code § 2923.5 and Declaratory Relief/Injunctive Relief.  On January 23,

---

[1]The Court assumes the parties' familiarity with the underlying facts of this case. For a review, see the Court's March 9, 2012 Order Denying Request for Injunction against Foreclosure Sale (Doc. 10).

2012, Defendant Wells Fargo ("Defendant" or "Wells Fargo") moved to dismiss the case. The motion to dismiss was set for hearing on April 6, 2012.

On February 28, 2012, Plaintiffs made two motions: an ex parte motion for a temporary restraining order preventing Defendants from executing a foreclosure sale, and the currently-pending motion for leave to file a FAC, which was also set for hearing on April 6, 2012. The proposed FAC, attached as an exhibit to Plaintiffs' motion, re-alleges word-for-word Plaintiffs' claims for violation of § 2923.5 and declaratory/injunctive relief, and adds claims for trespass and breach of the implied covenant of good faith and fair dealing.

On March 9, 2012, the Court denied Plaintiffs' ex parte motion for a TRO, reasoning that Plaintiffs were not likely to prevail on any of their claims and that the balance of equities did not tip in their favor. See Doc. 10. Specifically, the Court reasoned that Plaintiffs could not rely on § 2923.5 because, under the plain terms of the deed of trust, the property at issue (the "Property") was not Plaintiffs' primary residence. The Court further reasoned that any defects in the foreclosure process were not likely to entitle Plaintiffs to any declaratory or injunctive relief, since Plaintiffs had failed to establish prejudice. Lastly, the Court noted that Plaintiffs have been in arrears on the loan since August 2010, and that they did not occupy the Property (i.e. they would not experience great hardship resulting from foreclosure), so the balance of equities did not tip in their favor.

On March 14, 2012, Wells Fargo filed a response (Doc. 11) to the motion for leave to file an FAC. On March 17, 2012, Plaintiffs filed a paper (Doc. 12) that both opposed the motion to dismiss and replied in support of the motion for leave to file an FAC. On March 19, 2012, Wells Fargo filed a reply in support of the motion to dismiss (Doc. 13). The Court considers all these papers together.

## II. DISCUSSION

As a threshold issue, Plaintiffs argue that their motion for leave to file an FAC moots the motion to dismiss. The Court disagrees. First, Plaintiffs moved for leave to file an FAC

37 days after Wells Fargo filed and served its motion to dismiss--well beyond the 21-day period allotted by Federal Rule of Civil Procedure 15(a)(1)(B) for amending as a matter of course in response to a motion to dismiss. Thus, Plaintiffs are not entitled to amend as a matter of course. Second, two of the four claims presented in the proposed FAC (Doc. 7-1, Ex. A (Proposed FAC)) mirror the two claims in the original complaint, and Wells Fargo has opposed the motion for leave to amend on the ground that amendment would be futile. The Court therefore finds that judicial economy would be served by resolving the motion to dismiss the two claims in Plaintiffs' original complaint in conjunction with Defendants' futility challenge to the motion for leave to file an amended FAC.

a.   <u>Motion to dismiss</u>

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiffs' original complaint contains two causes of action. Plaintiffs have voluntarily dismissed their first cause of action, violation of § 2923.5. (Doc. 12 at 6.) Since the plain language of the Deed of Trust states that the Property is *not* Plaintiffs' primary residence, § 2923.5 is not applicable in this case, and the Court dismisses Plaintiffs' § 2923.5 cause of action with prejudice.

In Plaintiffs' second cause of action (for declaratory and injunctive relief), Plaintiffs "seek a declaration that the Notice of Default and Notice of Sale are void and of no effect . . . . [and] an order enjoining Defendants from proceeding with the foreclosure sale[.]" (Doc. 1-1 at 8 of 39.) Plaintiffs support their claim that the Notice of Default was void on the

grounds that First American, the party that recorded the Notice of Default, was not authorized to do so, and that the Notice of Default was filed in violation of the thirty-day notice requirement in the Deed of Trust.

As stated in the Court's March 9, 2012 Order, Plaintiffs have failed to allege that First American was not authorized to record the Notice of Default. See Doc. 10 at 5. That Order also explained that Plaintiff failed to allege prejudice resulting from the failure to comply with the thirty-day notice provision, and thus, the failure to comply did not render the notice of default legally deficient. See Knapp v. Doherty, 123 Cal. App. 4th 76, 94 (6th Dist. 2004) (premature notice of sale in violation of statute did not invalidate sale because borrower suffered no prejudice). Lastly, the March 9, 2012 Order noted that Plaintiffs have been unable to make any loan payments since August 2010, and have not alleged any tender of the amount owed in arrears. See Doc. 10 at 7-8 (citing FPCI RE-HAB 01 v. E&G Investments, Ltd., 207 Cal. App. 3d 1018, 1022 (2d Dist. 1989) ("[I[f plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.")). Accordingly, Plaintiff's original complaint fails to state a claim for declaratory relief in the manner requested by Plaintiff.

b.   Motion for leave to file an FAC

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Plaintiffs' proposed FAC re-alleges the § 2923.5 and declaratory/injunctive relief claims verbatim. Plaintiffs assert that they are withdrawing the § 2923.5 claim. For the same reasons as set forth above, the Court DENIES with prejudice Plaintiffs' motion for leave to file an FAC to the extent Plaintiffs seek to include a § 2923.5 claim in the FAC. The Court DENIES the motion without prejudice to the extent Plaintiffs seek to re-allege their previous claim for declaratory/injunctive relief. Any claim for declaratory/injunctive relief added to

Plaintiffs' pleading must overcome the deficiencies highlighted in the preceding section.

Plaintiffs also add two new causes of action: Trespass and breach of the implied covenant of good faith and fair dealing. In support of their claim for trespass, Plaintiffs proposed FAC alleges that in March 2011, while Plaintiffs maintained a possessory interest in the Property, Defendants or their agents entered the Property without Plaintiffs' consent, changed the locks on the main house, and posted notices of vacancy on the Property. (Proposed FAC ¶ 38.) Wells Fargo argues that the claim for trespass is futile because the Deed of Trust permitted these alleged actions. However, the portion of the Deed of Trust quoted by Wells Fargo permits "Securing the Property" (which can include changing locks) *only if* Plaintiff has "abandoned the Property[.]" See Doc. 11 at 4 (citing RJN (Doc. 3-1) Ex. 1 (Deed of Trust) ¶ 9.) Plaintiffs' proposed FAC specifically alleges that Plaintiffs did *not* abandon the property and that Plaintiffs' caretakers occupied the Property at the time of the alleged trespass. (Proposed FAC ¶¶ 17, 39.) Thus, amendment to include a claim for trespass would not be futile, and the Court GRANTS the motion for leave to file an FAC to the extent Plaintiffs seek to include a claim for trespass.

Plaintiffs' cause of action for breach of the implied duty of good faith and fair dealing is based on the existence of an alleged oral agreement between Plaintiffs and Wells Fargo pursuant to which Wells Fargo agreed to resolve Plaintiffs' applications for a short sale transaction and/or deed-in-lieu of foreclosure prior to any foreclosure sale. (Proposed FAC ¶ 43.) Wells Fargo argues that any purported oral agreement between the parties modifying Wells Fargo's rights and obligations under the Deed of Trust, including the right to foreclose, is subject to California's statute of frauds. The Court agrees. See Cal. Civ. Code § 2922 (extending statute of frauds to mortgages); Secrest v. Security Nat. Mortg. Loan Trust 2002-2, 167 Cal. App. 4th 544, 552-53 (4th Dist. 2008) (noting that "[a]n agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds," and holding that an agreement "altering the lender's ability to exercise a right to foreclose under the note and deed of trust due to the borrower's default" was unenforceable because it did not comport with the requirements of the statute of frauds). Accordingly, the Court DENIES

with prejudice the motion for leave to file an FAC to the extent Plaintiffs seek to add a claim for breach of the implied duty of good faith and fair dealing based on an alleged oral agreement to modify Defendants' rights and obligations under the loan documents.

The Court notes that Plaintiffs moved for leave to file an FAC at an early stage in this case, and Wells Fargo has not alleged any prejudice that would or could result from an amendment to Plaintiffs' pleading at this time.

### III.  CONCLUSION

For the reasons set forth above, the Court GRANTS Wells Fargo's motion to dismiss the Complaint.  The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for leave to file an FAC.  The Court GRANTS the motion to the extent Plaintiffs seek to include in their FAC a claim for trespass.  The Court DENIES the motion with prejudice to the extent Plaintiffs seek to include any § 2923.5 claim or any claim for breach of the implied covenant of good faith and fair dealing arising out of an alleged oral agreement modifying the terms of the loan documents.  The Court DENIES the motion without prejudice to the extent Plaintiffs seek to re-allege their previous claim for declaratory/injunctive relief and grants Plaintiffs leave to bring a cause of action for declaratory/injunctive relief that overcomes the deficiencies illustrated in this Order.  Plaintiff may not file the proposed First Amended Complaint attached to their motion as Exhibit A.  Rather, Plaintiff may file within 20 days of the entry of this order a First Amended Complaint not inconsistent with the terms of this Order.

//
//
//
//
//

Because continuous litigation of the pleadings will only delay a decision on the merits,

and Plaintiffs are on notice of the required elements of their claims, Defendant Wells Fargo shall answer any amended complaint within 30 days of service and may make any arguments for dismissal as a matter of law in a motion for summary judgment.

**IT IS SO ORDERED.**

Dated: September 10, 2012

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge